UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LUDIS JOHANY PEREIRA ROJAS,
as the personal representative of the estate of the decedent,
OSCAR ENRIQUE ROCHA PAYARES,
    Plaintiff,
v.

SILVERSEA CRUISES LTD., and
V. SHIPS LEISURE LTD. d/b/a
V. SHIPS LEISURE LLC
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges:

1. This is a case within this Court's Admiralty and Maritime Jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331 and 1333.

2. Decedent, OSCAR ENRIQUE ROCHA PAYARES (hereinafter "Decedent"), was, at all material times hereto, a citizen of Colombia. Decedent was, at all material times hereto, a seaman within the meaning of 28 U.S.C. § 1916 and can file suit without paying the filing fee or costs.

3. Plaintiff, LUDIS JOHANY PEREIRA ROJAS, is a citizen of Colombia. Plaintiff was the lawful wedded wife of OSCAR ENRIQUE ROCHA PAYARES, deceased, and is the duly appointed personal representative of the Estate of OSCAR ENRIQUE ROCHA PAYARES. Plaintiff brings this action on behalf of herself as the surviving spouse of the decedent and on behalf of the decedent's Estate. Plaintiff is the decedent's next of kin.

4. Defendant, SILVERSEA CRUISES LTD. (hereinafter "SILVERSEA"), is a Bahamian corporation, which maintains its principal place of business in Miami, Florida.

5. Defendant, V. SHIPS LEISURE LTD. (hereinafter "V. SHIPS"), is a foreign corporation that maintains its principal place of business in Ft. Lauderdale, Florida. V. SHIPS is a supplier of management and outsourcing services to the maritime leisure industry. More than 200 shore-based and 7000 seagoing staff provide services to more than 140 cruise vessels, ferries and super yachts. These services include providing deck & engine and hotel management. V. SHIPS provides a range of services to the passenger shipping industry including but not limited to; technical management, hotel operation management and catering, manning and crew management, itinerary planning and port operation, newbuilding/conversion projects and supervision, consultancy and asset management.

6. Defendants, SILVERSEA and V. SHIPS, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of the Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

7. Defendants are subject to the jurisdiction of the courts of this state.

8. The causes of action asserted in this Complaint arise under Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

9. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the vessel, *M/V Silver Cloud*. This vessel was registered in a flag of convenience country. Specifically, the M/V *Silver Cloud* flies a Bahamian flag.

10. At all times material hereto, Plaintiff's employer(s) was/were an agent(s) of the ship owner and/or ship operator.

11. On or about April 10, 2008, Decedent commenced his employment with Defendants in San Juan, Puerto Rico.

12. On or about May 16, 2013, Decedent executed a successive employment contract with the Defendants. *See* Employment Contract attached hereto and marked as Exhibit **A**. The employment contract incorporates by reference a Collective Bargaining Agreement titled "ITF CRUISE TCC – FIT/CISL PART I AND PART II ISSUED 01/2012" (hereinafter referred to as "CBA"). *Id.* at page 6; *see also* CBA attached hereto and marked as Exhibit **B**.

13. At all times material hereto, Decedent was a member of the M/V *Silver Cloud's* crew and held the position of Dining Room Waiter aboard the vessel.

14. While in the service of the M/V *Silver Cloud*, the Decedent was diagnosed with cancer, which ultimately led to his death.

15. As a result of decedent's death due to an illness he developed while in the service of the M/V *Silver Cloud*, Defendants are contractually obligated to pay for decedent's reasonable burial expenses. Defendants have made payment to the Plaintiff in the amount of $10,000 dollars for decedent's burial expenses.[1]

---

[1] Subparagraph 1 of paragraph XV of the Employment Agreement, titled "Death and Disability Insurance," states: "In the event the Employee dies as a result of injury or illness during the employment period, a) The Company shall pay the deceased Employee's named beneficiary (or if none the deceased's beneficiary at a law) all compensation due to Employee under this Employment Agreement as per Part I of the Cruise TCC-FIT/CISCL agreement; b) The Company shall transport the remains and personal effects of the Employee to his/her residence (or, if none, to the residence of the named beneficiary, or if none, the beneficiary at law) at Company's expense unless the death occurred in a port where local government laws or regulations do not permit the transport of such remains. Where

16.     Additionally, pursuant to the Employment Agreement and CBA, Plaintiff is entitled to prompt and full payment in the amount of $75,000 dollars and Decedent's dependent children are each entitled to prompt and full payment in the amount of $15,000 dollars.  *Id.*  Furthermore, pursuant to paragraph 26.4 of Part II of the CBA, Defendants are obligated to not pressure the decedent's next of kin/Plaintiff and his dependent children to accept a payment less than the contractual amount due.  *See* Exhibit **C**, paragraph 26.4. *See* Exhibit **A**, paragraph XV. *see also* Exhibit **B** at Box 14 and Exhibit **C** at paragraph 26.

17.     To date, however, Defendants have yet to compensate the Plaintiff and decedent's dependent children as per the Employment Agreement and CBA.  *Id. Specifically,* Defendants are contractually obligated to provide payment in the amount of $75,000 dollars to the Plaintiff and to provide payment in the amount of $15,000 to each of the decedent's dependent children. *Id.*

18.     As a result of Defendant's failure to compensate the Plaintiff and each of decedent's dependent children, Defendants have committed a breach of contract.

19.     Defendants further committed a breach of contract by pressuring the Plaintiff and decedent's dependent children to take less than the actual amount owed to them under the Employment Agreement and CBA.  Specifically, Defendants are pressuring the Plaintiff and decedent's dependent children to take less than what they are each entitled to under the Employment Agreement and CBA by misrepresenting to them that all they are entitled to was the $10,000 dollar payment made on [date].

## COUNT I
## BREACH OF CONTRACT

---

death occurs at sea, the disposition of the Employee's remains and personal effects shall be dealt with in accordance with the best judgment of the Master of the Ship; c) The Company's obligation to pay reasonable and necessary transportation, burial and medical expenses shall not exceed $10,000.  *See* Exhibit **A**.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nineteen (19) as though they were originally alleged herein.

21. On May 16, 2013, Decedent entered into an employment agreement with the Defendants to work aboard Defendants vessel as a member of the vessel's crew and employee of the Defendants.

22. While the Decedent was in the service of the vessel and an employee of the Defendants, developed cancer.

23. Decedent died as a result of the cancer he developed while in the service of the vessel and an employee of the Defendants.

24. Based on the foregoing and pursuant to paragraph XV(1)(c) of the Employment Agreement, Defendants are contractually obligated to pay for decedent's burial expenses. *See* Exhibit **A**, paragraph XV. On [date], Defendants made payment to the Plaintiff in the amount of $10,000 dollars for decedent's burial expenses.[2]

25. Additionally, pursuant to the Employment Agreement and CBA, Plaintiff is also entitled to prompt and full payment from the Defendants in the amount of $75,000 dollars and Decedent's dependent children are each entitled to prompt and full payment from the Defendants in the amount of $15,000 dollars. *See* Exhibit **A**, paragraph XV. *see also* Exhibit **B** at Box 14 and Exhibit **C** at paragraph 26.

---

[2] Subparagraph 1 of paragraph XV of the Employment Agreement, titled "Death and Disability Insurance," states: "In the event the Employee dies as a result of injury or illness during the employment period, a) The Company shall pay the deceased Employee's named beneficiary (or if none the deceased's beneficiary at a law) all compensation due to Employee under this Employment Agreement as per Part I of the Cruise TCC-FIT/CISCL agreement; b) The Company shall transport the remains and personal effects of the Employee to his/her residence (or, if none, to the residence of the named beneficiary, or if none, the beneficiary at law) at Company's expense unless the death occurred in a port where local government laws or regulations do not permit the transport of such remains. Where death occurs at sea, the disposition of the Employee's remains and personal effects shall be dealt with in accordance with the best judgment of the Master of the Ship; c) The Company's obligation to pay reasonable and necessary transportation, burial and medical expenses shall not exceed $10,000. *See* Exhibit **A**.

26. Furthermore, pursuant to paragraph 26.4 of Part II of the CBA, Defendants are obligated to not pressure the decedent's next of kin/Plaintiff and his dependent children to accept a payment less than the contractual amount due.  *See* Exhibit **C**, paragraph 26.4.

27. To date, Defendants have not compensated the Plaintiff and decedent's dependent children as per paragraph XV of the Employment Agreement and paragraph 26 of the CBA.  Defendants continue to refuse to compensate the Plaintiff and decedent's dependent children as they are contractually obligated to under the Employment Agreement and CBA.

28. As a result of Defendant's failure to compensate the Plaintiff and each of decedent's dependent children, Defendants have committed a breach of contract.

29. Defendants further committed a breach of contract by pressuring the Plaintiff and decedent's dependent children to take less than the actual amount owed to them under the Employment Agreement and CBA.  Specifically, Defendants are pressuring the Plaintiff and decedent's dependent children to take less than what they are each entitled to under the Employment Agreement and CBA by misrepresenting to them that all they are entitled to was the $10,000 dollar payment made on [date].

**WHEREFORE**, Plaintiff demands judgment for damages exceeding $75,000 dollars, pre-judgment interest, contractual penalties, costs, and trial by jury.

*Respectfully submitted,*

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
*Attorneys' for Plaintiff*

6

        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 373-3016
        Facsimile: (305) 373-6204

By: *//s Ricardo V. Alsina*
   RICARDO V. ALSINA
   Florida Bar No. 883182
   ralsina@lipcon.com